1  Linda M. Lawson (Bar No. 77130)
   llawson@mmhllp.com
2  Jason A. James (Bar No. 265129)
   jjames@mmhllp.com
3  MESERVE, MUMPER & HUGHES LLP
   800 Wilshire Boulevard, Suite 500
4  Los Angeles, California 90017-2611
   Telephone: (213) 620-0300
5  Facsimile: (213) 625-1930

6  Attorneys for Defendant
   THE PRUDENTIAL INSURANCE COMPANY
7  OF AMERICA

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10
11  BEVERLY BURTON, on behalf of          ) Case No. CV13-9078 BRO(SSx)
    herself and all others similarly situated, )
12                                         ) NOTICE OF REMOVAL OF
              Plaintiff,                    ) ACTION TO UNITED STATES
13                                         ) DISTRICT COURT
         vs.                               )
14                                         ) [Superior Court of California, County
    THE PRUDENTIAL INSURANCE              ) of Los Angeles , Case No. BC527176]
15  COMPANY OF AMERICA and DOES 1         )
    through 100, inclusive,               ) Complaint Filed: November 8, 2013
16                                         )
              Defendants.                   )
17  ─────────────────────────────────────

18        Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendant The Prudential

19  Insurance Company of America, Inc. ("Prudential" or "Defendant") removes this

20  action from the Superior Court for the State of California for the County of Los

21  Angeles.

22  **Defendant's Compliance with the Procedural Requirements for Removal**

23        1.     On or about November 8, 2013, Plaintiff Beverly Burton ("Plaintiff"),

24  acting on her own behalf and as proposed representative of a class of persons

25  allegedly similarly situated, filed this action, entitled *Beverly Burton et al. v. The*

26  *Prudential Insurance Company of America and Does 1 through 100, inclusive*, Case

27  No. BC527176, in the Superior Court for the State of California for the County of

28  Los Angeles (the "State Court Action").

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

134526.1

                                    1
                                                        Case No.
                            NOTICE OF REMOVAL OF ACTION TO
                            UNITED STATES DISTRICT COURT

2.     On November 20, 2013, Defendant was served with a Summons and Complaint in the State Court Action ("Complaint").  In accordance with 28 U.S.C. § 1446(a), Defendant attaches copies of all process, pleadings, and orders served on it in the State Court Action as Exhibit A.

3.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a defendant may file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."

4.     Copies of this Notice of Removal are being filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles and served on Plaintiff's counsel of record pursuant to 28 U.S.C. § 1446(d).

5.     This case properly may be removed to this United States District Court pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1453.  The Superior Court for the State of California for the County of Los Angeles is located within the jurisdiction of the United States District Court for the Central District of California, Western Division.

6.     Defendant removes this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) ("CAFA").  As set forth more fully below, this Court has jurisdiction over this action pursuant to CAFA on the basis that (a) this is a proposed "class action," (b) the number of members of the proposed plaintiff class is greater than 100, (c) all members of the proposed class of plaintiffs in this action are citizens of a state (California) different from Defendant (New Jersey), and (d) the aggregate amount in controversy is in excess of $5 million. *See* 28 U.S.C. § 1332(d).  Accordingly, Defendant is entitled to removal under 28 U.S.C. §1441(a).

**The Class Action Requirement is Met.**

7.     CAFA's class action requirement is satisfied. CAFA defines "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

134526.1

2

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

1  to be brought by one or more representative persons as a class action." 28 U.S.C. §

2  1332(d)(1)(B).   Plaintiff styles her complaint as a "class action" and alleges this

3  action is brought "on behalf of herself and all others similarly situated" under Section

4  382 of the California Code of Civil Procedure, which authorizes class actions.

5  Compl. ¶ 16.  Accordingly, the allegations of the Complaint demonstrate that this is a

6  "class action" as defined by 28 U.S.C. § 1332(d)(1)(B).

7  **The Required Number of Class Members is Met.**

8       8.     Plaintiff purports to represent a class of "[a]ll California beneficiaries of

9  Prudential life-insurance policies who, on or after November 8, 2009, were paid

10  death benefits that failed to include all interest due in accordance with California

11  law."  Compl. ¶ 16.   Though Plaintiff does not specify the number of persons

12  included in the putative class, she alleges that the class encompasses a "substantial

13  number of individuals."  Id. ¶ 19.  Prudential disputes that it paid plaintiff or any

14  other beneficiary insufficient interest under California law and denies Plaintiff's

15  allegations and claims.   Without prejudice to Prudential's defenses in this action,

16  Prudential avers that it paid death benefits plus statutory interest to over 40,000

17  California beneficiaries of individual life policies between November 8, 2009 and

18  November 30, 2013.    See Declaration of Patricia Washatka in Support of

19  Defendant's Notice of Removal, dated Dec. 5, 2013 ("Washatka Decl.") ¶ 4.

20  Prudential further avers that the interest paid on these benefits was generally

21  calculated from the date of death pursuant to the same methodology that Plaintiff

22  challenges in this lawsuit.   Id.  The jurisdictional requirement that the putative class

23  action involve 100 or more members is therefore met.

24  **The Minimal Diversity Requirement is Met.**

25       9.     CAFA confers original jurisdiction on the District Courts of the United

26  States over class actions where "any member of a class of plaintiffs is a citizen of a

27  State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

28

AW OFFICES
IESERVE,
IUMPER &
JGHES LLP

134526.1

3

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

10.     Plaintiff is a citizen of California.  Compl. ¶ 2.  Plaintiff purports to represent a class of similarly situated California beneficiaries.  Id. ¶ 16.

11.     Defendant is a New Jersey corporation with its principal place of business in New Jersey.  Compl. ¶ 3.

12.     The presence of Doe defendants has no bearing on diversity with respect to removal.   See 28 U.S.C. § 1441(b)(1) ("citizenship of defendants sued under fictitious names shall be disregarded").

13.     Thus, there is complete diversity of citizenship between the named Plaintiffs and the members of the putative class (California) and the named Defendant (New Jersey).

**The Amount in Controversy Threshold is Met.**

14.     A federal district court has jurisdiction over a class action under CAFA where the amount in controversy, aggregating together all of the claims of the individual class members, exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(2), (d)(6).

15.     Plaintiff asserts a claim under the California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 et seq., for "restitution of all amounts retained by Prudential" and attorneys' fees.  Compl. ¶¶ 34-35, Compl. Prayer for Relief ¶¶ (2)-(3).  Plaintiff also brings a common-law claim for breach of the covenant of good faith and fair dealing and seeks "withheld benefits, interest thereon and other general and special damages," including "damages for emotional and mental distress and prejudgment interest" and, in the event of a finding of bad faith, attorneys' fees.  Compl. ¶¶ 44-45, Compl. Prayer for Relief ¶¶ (4)-(5).  Finally, Plaintiff brings a common-law claim for breach of contractual duty to pay a covered claim and seeks "contractual, consequential and incidental damages[.]"  Compl. ¶ 50, Compl. Prayer for Relief ¶ (6).  Plaintiff does not plead a specific amount of damages associated with any of her claims.

LAW OFFICES
RESERVE,
JUMPER &
UGHES LLP

134526.1

4

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

16.     Plaintiff's claims are based on the allegation that Prudential did not pay beneficiaries the full interest to which they are entitled under Cal. Ins. Code § 10172.5.  See Compl. ¶¶ 6-15.  Prudential disputes Plaintiff's entitlement to the requested relief and denies Plaintiff's claims.   Without prejudice to Prudential's defenses in this action, Prudential avers that it paid approximately $676 million in death benefits to California beneficiaries of individual life policies between November 8, 2009 and November 30, 2013.  Washatka Decl. ¶ 4.  Prudential further avers that it generally paid statutory interest compounded annually from the date of death.  Id.  Given the magnitude of the benefits paid, a very small change in the applicable rate of interest would take the aggregate amount in controversy over the $5 million mark.  For example, a mere 1% increase in the interest rate for a one-year period on $676 million would exceed $5 million.  ($676 million in principal x 0.01 [1% annual interest rate] = $6.76 million).  Plaintiff's claim that she was entitled to a "far higher" rate of interest, compounded annually for 32 years, demonstrates the conservative nature of these assumptions.  Compl. ¶ 14.  The amount in controversy implicated by Plaintiff's claims is plainly satisfied.

17.     Furthermore, Plaintiff seeks payment of attorneys' fees, which are also considered in determining whether the jurisdictional amount in controversy is satisfied.  Compl. Prayer for Relief ¶¶ (3), (5); *Heejin Lim v. Helio, LLC*, No. CV 11-9183 PSG (PLAx), 2012 WL 359304, at *3 (C.D.Cal. Feb. 2, 2012) (attorneys' fees properly included in the amount in controversy).

///
///
///
///
///
///
///

W OFFICES
ESERVE,
UMPER &
GHES LLP

134526.1

5

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

1    18.    Plaintiff's Complaint therefore satisfies the jurisdictional amount-in-
2  controversy requirement under CAFA.  The nature and extent of Plaintiff's claims,
3  along with the magnitude of Plaintiff's demands for restitution, damages, and
4  attorneys' fees, put in controversy an amount in excess of $5,000,000.

5

6

7  Dated:  December 9, 2013              Linda M. Lawson
                                         Jason A. James
8                                        MESERVE, MUMPER & HUGHES LLP

9

10                                       By: _____
                                             Jason A. James
11                                           Attorneys for Defendant
                                             THE PRUDENTIAL INSURANCE
12                                           COMPANY OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

w OFFICES
IESERVE,
UMPER &
JGHES LLP

134526.1

6

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
11/20/2013
CT Log Number 523923772

TO: Christine Gillen
The Prudential Insurance Company of America
Legal Department, 751 Broad St, 4th Floor
Newark, NJ 07102

RE: **Process Served in California**

FOR: The Prudential Insurance Company of America (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Beverly Burton, etc., Pltfs. vs. The Prudential Insurance Company of America, Dfts. |
| **DOCUMENT(S) SERVED:** | Summonses, Complaint(s), Notice(s), Stipulation(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA<br>Case # BC527176 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/20/2013 at 13:20 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Not later than 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | William M. Shernoff<br>Echeverria Bentley LLP<br>301 N. Canon Drive<br>Suite 200<br>Beverly Hills, CA 90210<br>310-246-0503 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/21/2013, Expected Purge Date: 11/26/2013<br>Image SOP<br>Email Notification, Legal Process Unit legal.process.unit@prudential.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / KT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11-20-13  1:20

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 08 2013

John A. Clarke, Executive Officer/Clerk
By _____ , Deputy
DAWN ALEXANDER

**NOTICE TO DEFENDANT:** THE PRUDENTIAL INSURANCE COMPANY OF
*(AVISO AL DEMANDADO):* AMERICA; and DOES 1 through 100 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** BEVERLY BURTON, on behalf of
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* herself and all others similarly
situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:                      CASE NUMBER:
*(El nombre y dirección de la corte es):*                   *(Número del Caso):* **BC527176**
Superior Court of California, County of Los Angeles
111 N. Hills Street
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Howard Shernoff
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SHERNOFF BIDART ECHEVERRIA ~~JOHN A. CLARKE~~
301 North Cañon Drive, Suite 201                                               310-246-0503

DATE: _____       Clerk, by  DAWN ALEXANDER          , Deputy
*(Fecha)*                   *(Secretario)*                     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

11-8-13

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*  The Prudential Insurance company of America

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☑ other *(specify):* Entity form unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc. & Form Builder™

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 08 2013

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DAWN ALEXANDER

1  WILLIAM M. SHERNOFF #38856
2  HOWARD S. SHERNOFF #263556
   SHERNOFF BIDART
3  ECHEVERRIA BENTLEY LLP
   301 N. Cañon Drive, Suite 200
4  Beverly Hills, CA 90210
5  Telephone: (310) 246-0503
   Facsimile: (310) 246-0380
6
7  TONNA K. FARRAR #237605
   BONNETT FAIRBOURN
8  FRIEDMAN & BALINT PC
   2325 E. Camelback Road, Suite 300
9  Phoenix, AZ 85016
   Telephone: (602) 274-1100
10 Facsimile: (602) 274-1199
11 Attorneys for Plaintiff
12
13
14                 SUPERIOR COURT FOR THE STATE OF CALIFORNIA
15                      FOR THE COUNTY OF LOS ANGELES
16
17 BEVERLY BURTON, on behalf of herself      Case No.:  BC527176
   and all others similarly situated,
18                                            CLASS ACTION COMPLAINT AND
              Plaintiffs,                     DEMAND FOR JURY TRIAL
19
       v.                                     1. Violation of Business and Professions
20                                               Code section 17200 et seq.
21 THE PRUDENTIAL INSURANCE
   COMPANY OF AMERICA and DOES 1             2. Breach of the Covenant of Good Faith
22 through 100 inclusive,                        and Fair Dealing
23            Defendants.                     3. Breach of Contractual Duty to Pay a
                                                 Covered Claim
24
25
26
27
28

                                    - 1 -
              CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1.    This case arises from an unfair and unlawful business practice of The Prudential Insurance Company of America: when purporting to satisfy its acknowledged obligation to make death benefit payments to its life-insurance beneficiaries, Prudential applies an arbitrary and unreasonably low interest rate to compensate for the delay in making the payment. Plaintiff Beverly Burton is one victim of Prudential's unfair and unlawful practice and brings this action on behalf of herself and all other similarly situated life-insurance beneficiaries.

## THE PARTIES

2.    Plaintiff Beverly Burton (Beverly) is a citizen of California and resides in Los Angeles County.

3.    Defendant The Prudential Insurance Company of America (Prudential) is a corporation organized and existing under the laws of New Jersey and is authorized to transact and is transacting the business of insurance in California.

4.    The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 100 are unknown to Beverly, who therefore sues these defendants by such fictitious names. Beverly alleges upon information and belief that each of the Doe defendants is legally responsible in some manner for the events and happenings referred to herein and will ask leave of this court to amend this complaint to insert their true names and capacities when they become known.

5.    At all relevant times, Prudential and the Doe defendants were the agents and employees of each other and were at all times acting within the purpose and scope of said agency and employment, and each defendant ratified and approved the acts of its agent.

## FACTUAL BACKGROUND

6.    In 1958 Beverly's husband bought a Prudential insurance policy (No. M95801927) on the life of their son, Roderick Burton. The policy named Beverly as the beneficiary.

7.    In 1981 Roderick died of cancer.

- 2 -

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

1    8.    In May 2013 Beverly received a letter from Prudential stating that it recently

2    "received information" indicating that her son "may be deceased." The letter asked Beverly to

3    confirm Roderick's death and her status as beneficiary of the policy. Beverly complied with

4    this request and confirmed that Roderick had died and that she was the beneficiary entitled to

5    receive death benefits under the policy.

6    9.    In early July, Beverly received a check for $5,040.11. According to the letter

7    explaining the payment, the amount comprised the $1,000 death benefit due under the policy

8    plus interest. Prudential failed to explain or disclose how it had determined or applied the

9    rate of interest, stating only that it "was calculated from the date of death using a rate

10   equivalent to 2.50%."

11   10.    Concerned by Prudential's failure to adequately explain the rate of interest it

12   had elected to apply to the 32 years since Roderick's death, Beverly sent the company a letter

13   requesting the following information:

14       The reason you used 2.5% to determine the rate of interest.

15       What authority you used to determine the amount and method of
16       your offer. (If the information is in the policy, please send a copy of
         that section.)

17       Any other information needed to determine the procedures you
18       used to offer a settlement.

19   11.    Prudential's response was vague and grammatically ambiguous:

20       Please note that California law requires payment of interest from
21       the date of death at a rate not less than the current rate of interest.

22       On the date of death, the proceeds left on deposit with the insurer
         (Interest Payment rate) on any life insurance claim not paid within
23       30 days of the insured's death. The law also requires that the
         beneficiary be provided with a notice that interest will be paid and
24       the payable interest rate. The proceeds are left with Prudential to
         earn interest at a rate at least equal to the rate guaranteed in the
25       policy. Currently the interest rate is paying at 2.5%.

26       Please note that we do not provide copies of policies to anyone other
         than the policyowner at the policy issue date.

27

28

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

- 3 -

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  12. The "California law" that Prudential referred to is presumably Insurance Code

2 section 10172.5, which requires insurers to pay interest "at a rate not less than the *then*

3 *current* rate of interest on death proceeds left on deposit with the insurer computed from the

4 date of the insured's death." (Emphasis added.)

5  13. In its explanation to Beverly – and apparently in its determination of interest

6 due under both the policy and California law – Prudential substituted the "current rate of

7 interest" for the code's "then current rate of interest," dramatically altering the applicable

8 interest rate in its favor.

9  14. When Roderick died in 1981, the current interest rates were at record highs.

10 Upon information and belief, the then-current rate of interest on death proceeds left on

11 deposit with Prudential was far higher than 2.5%. Prudential thus grossly underpaid Beverly

12 under California law and the policy.

13  15. Beverly sent a follow-up letter asking for a clear explanation and for the policy.

14 Prudential failed to respond.

15      CLASS ACTION ALLEGATIONS

16  16. Beverly brings this action on behalf of herself and all others similarly situated

17 as a class action pursuant to California Code of Civil Procedure section 382. The proposed

18 class is defined as follows:

19
20   All California beneficiaries of Prudential life-insurance policies
   who, on or after November 8, 2009, were paid death benefits that
   failed to include all interest due in accordance with California law.
21

22  17. Beverly reserves the right under Rule 3.765(b) of the California Rules of Court

23 to amend or modify the class description with greater specificity, by further division into

24 subclasses or by limitation to particular issues.

25  18. Beverly brings this action and may properly maintain it as a class action under

26 the provisions of section 382 of the Code of Civil Procedure because there is a well-defined

27 community of interest in the litigation and the proposed class is easily ascertainable.

28

- 4 -

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

**Numerosity**

19.     Beverly does not know the exact number and identity of the proposed class members because such information is in the exclusive control of Prudential. Beverly believes that the class encompasses a substantial number of individuals whose identities can be readily ascertained from Prudential's books and records. The proposed class is sufficiently numerous that joinder of all members in an individual action is impracticable.

**Commonality**

20.     There are questions of law and fact common to the proposed class that predominate over any questions affecting only individual class members. Common questions of law and fact raised in this action include but are not limited to what interest rate Prudential uses for death proceeds left on deposit and what interest rate Prudential should pay to claimants on claims under section 10172.5.

**Typicality**

21.     Beverly's claims are typical of the claims of the proposed class. Beverly and all members of the proposed class sustained damages arising out of and caused by Prudential's common course of conduct in violation of laws and statutes alleged herein.

**Adequacy**

22.     Beverly will fairly and adequately protect the interests of the class. Beverly has retained able counsel with extensive experience in bad-faith, consumer-fraud and class-action litigation. Beverly's interests are coincident with and not antagonistic to the interests of the other class members.

**Superiority**

23.     The class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by certain members of the class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the class to individually redress the wrongs done to them. The class is readily definable, and the prosecution of this action as a class action will eliminate the possibility of repetitious litigation. Beverly will encounter no difficulty in managing this action as a class

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  action. Furthermore, the prosecution of separate actions by individual members of the class

2  would create a risk of inconsistent or carrying adjudications with respect to individual class

3  members, which would establish incompatible standards of conduct for Prudential.

4  **FIRST CAUSE OF ACTION:**

5  **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.**

6       24.    Beverly refers to all preceding paragraphs and incorporates them as if set forth

7  in full in this cause of action.

8       25.    This is a representative private-attorney-general action and class action for

9  unfair and unlawful business practices that do not sound in fraud. On behalf of herself, the

10  general public and others similarly situated, Beverly brings this claim pursuant to Business &

11  Professions Code section 17200 et seq. Prudential's conduct as alleged in this complaint has

12  been and continues to be unfair, unlawful and harmful to Beverly, the general public and the

13  proposed class. Beverly seeks to enforce important rights affecting the public interest within

14  the meaning of Code of Civil Procedure section 1021.5.

15       26.    Business & Professions Code section 17200 et seq. prohibits unfair business

16  practices and precludes a person or entity from engaging in unfair competition, which is

17  defined to include business practices that are unfair or unlawful. Section 17203 permits the

18  court in an action based on allegations of unfair or unlawful competition to issue injunctive,

19  restitutionary or other equitable relief.

20       27.    Beverly is a "person" within the meaning of Business & Professions Code

21  section 17204 and therefore has standing to bring this cause of action for injunctive relief,

22  restitution and other appropriate equitable relief. Beverly complies with Section 382 of the

23  Code of Civil Procedure.

24       28.    Prudential violates Business & Professions Code section 17200 by paying

25  interest on death benefit claims at a rate untethered to the then-current rate at the time of the

26  insured's death, as required by section 10172.5. This practice amounts to unfair competition

27  under section 17200.

28       29.    Beverly is informed and believes and thereon alleges that Prudential violated

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

- 6 -

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   the unfair and unlawful prongs of Business & Professions Code section 17200 by other acts or

2   omissions of which she is presently unaware but which will be shown according to proof at

3   trial.

4       30.     The unfair and unlawful practices alleged above are continuing in nature and

5   are widespread practices engaged in by Prudential.

6       31.     Beverly and others similarly situated suffered injury in fact and lost money or

7   property as a result of Prudential's unfair competition.

8       32.     Prudential's acts of unfair competition present a continuing threat to the

9   public's livelihood, welfare and finances, and the class has no adequate remedy at law.

10  Accordingly, unless Prudential is permanently enjoined and restrained by order of the court,

11  Prudential will continue to commit acts of unfair competition and will continue to cause

12  irreparable harm and injury to the public.

13      33.     Beverly respectfully requests that an injunction issue against Prudential to

14  enjoin them from continuing to engage in the unfair and unlawful conduct alleged herein.

15      34.     Beverly respectfully requests that the court order any other and further

16  equitable relief deemed appropriate by the court, consistent with Business & Professions

17  Code section 17203, including restitution of all money obtained or withheld from Beverly

18  and the members of the class and other restitutionary relief as a result of the unfair and

19  unlawful practices alleged herein.

20      35.     Beverly and each member of this class respectfully request an award of

21  attorney fees upon prevailing in this request for injunctive relief.

22                  SECOND CAUSE OF ACTION:
        BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
23

24      36.     Beverly refers to all preceding paragraphs and incorporates them as if set forth

25  in full in this cause of action.

26      37.     In every insurance policy there exists an implied duty of good faith and fair

27  dealing that the insurance company will not do anything to injure the right of the insured to

28  receive the benefit of the policy. Prudential breached its duty of good faith and fair dealing

- 7 -
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

1    owed to Beverly and the class members in the following ways:

2          a)      unreasonably and without proper cause failing to make full claim

3                  payments on claims by paying interest at a rate untethered to the then-

4                  current rate at the time of the insured's death;

5          b)      failing to provide adequate explanations of claim payments, as required

6                  by California law;

7          c)      failing to provide promptly a reasonable explanation of the basis relied

8                  on in the insurance policy, in relation to the facts of applicable law, for

9                  the offer of a settlement, in violation of Insurance Code section

10                 790.03(h)(13);

11         d)      compelling claimants to institute litigation to recover amounts due

12                 them, in violation of Insurance Code section 790.03(h)(6);

13         e)      unreasonably placing its financial interests ahead of those of its

14                 policyholders and their beneficiaries; and

15         f)      unreasonably refusing to give at least as much consideration to the

16                 interests of its policyholders and beneficiaries as it gives to its own

17                 interests.

18         38.    Beverly is informed and believes and thereon alleges that Prudential breached

19    its duty of good faith and fair dealing by other acts or omissions of which she is presently

20    unaware but which will be shown according to proof at trial.

21         39.    Prudential committed institutional bad faith. Prudential's institutional bad

22    faith amounts to reprehensible conduct because the conduct is part of a repeated pattern of

23    unfair practices and not an isolated occurrence. The pattern of unfair practices constitutes a

24    conscious course of wrongful conduct that is firmly grounded in the established company

25    policy of Prudential.

26         40.    Prudential's institutional bad faith includes underpaying claims by paying

27    interest at a rate untethered to the then-current rate at the time of the insured's death.

28         41.    Beverly is informed and believes and thereon alleges that Prudential has

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   committed institutional bad faith by other acts or omissions of which she is presently

2   unaware but which will be shown according to proof at trial.

3       42.    As a result of Prudential's breach, Beverly and the class members are entitled

4   to pre-judgment interest from the time Prudential was able to pay the policy, in accordance

5   with California Civil Code section 3289.

6       43.    Prudential's conduct was undertaken by its managers or managing agents,

7   who were responsible for claims supervision and operations, communications and decisions.

8   This conduct was undertaken on behalf of Prudential. Prudential had advance knowledge of

9   the actions and conduct of said individuals whose actions and conduct it ratified, authorized

10  and approved.

11      44.    As a direct and proximate result of Prudential's breach, Beverly and the class

12  members suffered and will continue to suffer damages. These damages include withheld

13  benefits, interest thereon and other general and special damages, of a total amount to be

14  shown at trial.

15      45.    As a further proximate result of the aforementioned unreasonable conduct of

16  Prudential, Beverly and the class members were compelled to retain legal counsel to obtain

17  benefits due under their policies. Therefore, Prudential is liable for those attorney fees,

18  witness fees and costs of litigation reasonably necessary and incurred to recover the policies'

19  benefits.

20                          THIRD CAUSE OF ACTION:
            BREACH OF CONTRACTUAL DUTY TO PAY A COVERED CLAIM
21

22      46.    Beverly refers to all preceding paragraphs and incorporates them as if set forth

23  in full in this cause of action.

24      47.    Prudential owed contractual duties and obligations to Beverly and the class

25  members under their policies, including the duty to fully pay their claims once Prudential

26  determined that payment of the death benefit is due.

27      48.    Beverly and the class members performed all their obligations under, and

28  satisfied all conditions of, the policies.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    49.    Prudential breached the terms and provisions of the policies by failing to pay

2  the proper interest rate on its claim payments.

3    50.    As a direct and proximate result of Prudential's conduct and breach of its

4  contractual obligations, Beverly and the class members suffered damages in an amount to be

5  proven at trial.

6                          **PRAYER FOR RELIEF**

7    Beverly respectfully requests that this court enter judgment against Prudential. The

8  final judgment should set forth the following relief:

9    1.    An order enjoining Prudential from paying interest on claims at a rate

10        untethered to the then-current rate at the time of the insured's death;

11    2.    Restitution of all amounts retained by Prudential in paying interest on claims

12        at a rate untethered to the then-current rate at the time of the insured's death,

13        plus interest;

14    3.    An award of attorney fees in enforcing the unfair competition laws of Business

15        & Professions Code section 17200 et seq. on behalf of the public welfare;

16    4.    General and special damages, including damages for emotional and mental

17        distress and prejudgment interest, for Prudential's breach of the duty of good

18        faith and fair dealing, in an amount to be determined at trial;

19    5.    Upon a finding of bad faith, attorney fees incurred, pursuant to *Brandt v.*

20        *Superior Court* (1985) 37 Cal.3d 813, in recovering amounts due under

21        claimants' policies;

22    6.    Contractual, consequential and incidental damages for Prudential's failure to

23        pay a covered insurance claim, in an amount to be determined at trial, plus

24        interest;

25    7.    Costs of suit incurred herein; and

26    8.    Such other and further relief as the court deems just and proper.

27

28

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

- 10 -

Dated: November 8, 2013          SHERNOFF BIDART ECHEVERRIA BENTLEY LLP



By: _____
          WILLIAM M. SHERNOFF
          HOWARD S. SHERNOFF
          Attorneys for Plaintiffs

## JURY DEMAND

Beverly hereby demands a jury trial on all causes of action that can be heard by a jury.

Dated: November 8, 2013          SHERNOFF BIDART ECHEVERRIA BENTLEY LLP

By: _____
          WILLIAM M. SHERNOFF
          HOWARD S. SHERNOFF
          Attorneys for Plaintiffs

- 11 -

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number _____   BC527176

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge William F. Highberger | 307 | 1402 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

*This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.*

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06                                          By _____, Deputy Clerk
For Optical Use

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

abtl

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:              FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.
    <br>(INSERT DATE) ... (INSERT DATE)

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____     ►     _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date: _____

_____     ►     _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ►     _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ►     _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ►     _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date: _____

_____     ►     _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date: _____

_____     ►     _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

  It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____

(TYPE OR PRINT NAME)                ➤ _____

(ATTORNEY FOR PLAINTIFF)

Date: _____

_____

(TYPE OR PRINT NAME)                ➤ _____

(ATTORNEY FOR DEFENDANT)

Date: _____

_____

(TYPE OR PRINT NAME)                ➤ _____

(ATTORNEY FOR DEFENDANT)

Date: _____

_____

(TYPE OR PRINT NAME)                ➤ _____

(ATTORNEY FOR DEFENDANT)

Date: _____

_____

(TYPE OR PRINT NAME)                ➤ (ATTORNEY FOR _____)

Date: _____

_____

(TYPE OR PRINT NAME)                ➤ (ATTORNEY FOR _____)

Date: _____

_____

(TYPE OR PRINT NAME)                ➤ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

1 │ MESERVE, MUMPER & HUGHES LLP
   │ Linda M. Lawson (Bar No. 77130)
2 │ llawson@mmhllp.com
   │ Jason A. James (Bar No. 265129)
3 │ jjames@mmhllp.com
   │ 800 Wilshire Boulevard, Suite 500
4 │ Los Angeles, California 90017-2611
   │ Telephone: (213) 620-0300
5 │ Facsimile: (213) 625-1930

6 │ Attorneys for Defendant
   │ THE PRUDENTIAL INSURANCE COMPANY OF
7 │ AMERICA

8 │       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 │          **COUNTY OF LOS ANGELES**

10 │

| | |
|---|---|
| BEVERLY BURTON, on behalf of herself and all others similarly situated, | Case No. BC527176 |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT** |
| vs. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and DOES 1 through 100, inclusive, | Complaint Filed: November 8, 2013 |
| Defendants. | |

18 │     TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE

19 │ COUNTY OF LOS ANGELES AND TO PLAINTIFF, BEVERLY BURTON, AND HER

20 │ ATTORNEYS OF RECORD:

21 │     PLEASE TAKE NOTICE that on December 9, 2013, Defendant THE

22 │ PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") filed a Notice of

23 │ Removal of Action in the United States District Court, Central District of California,

24 │ pursuant to 28 U.S.C. Sections 1441, 1446, and 1453. The filing of a copy of the Notice of

25 │ Removal with the Clerk of this Court shall effect the removal of this action and this Court

26 │ shall proceed no further unless or until the case is remanded. No other defendants are

27 │ named in this action.

28 │

OFFICES
SERVE,
MPER &
HES LLP

134530.1

1    A true and correct copy of the Notice of Removal of Action to United States District

2   Court filed with the United States District Court is attached hereto as Exhibit "A," and by

3   this reference incorporated herein as if set forth in full.

4

5   Dated:  December 9, 2013                 MESERVE, MUMPER & HUGHES LLP
                                             Linda M. Lawson
6                                            Jason A. James

7

8                                            By: _____
                                                 Jason A. James
9                                                Attorneys for Defendant
                                                 THE PRUDENTIAL INSURANCE
10                                               COMPANY OF AMERICA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OFFICES
SERVE,
MPER &
HES LLP

134530.1

Case No.  BC527176
NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 800 Wilshire Boulevard, Suite 500, Los Angeles, California 90017-2611.

On December 9, 2013, I served the within document(s) described as:

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**

on the interested parties in this action as stated below:

William M. Shernoff
Howard S. Shernoff
SHERNOFF BIDART ECHEVERRIA
BENTLEY LLP
301 N. Canon Drive, Suite 200
Beverly Hills, CA 90210

Facsimile No.: 310-246-0380

Tonna K. Farrar
BONNETT FAIRBOURN FRIEDMAN &
BALINT PC
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016

Facsimile No.: 602-274-1199

[X]   (BY MAIL) by placing a true copy thereof in sealed envelope(s) addressed above. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 9, 2013, at Los Angeles, California.

TINA M. ABRANTE
(Type or print name)

_____
(Signature)

# EXHIBIT B

Linda M. Lawson (Bar No. 77130)
llawson@mmhllp.com
Jason A. James (Bar No. 265129)
jjames@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
800 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-2611
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY BURTON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF PATRICIA WASHATKA IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL** |

## DECLARATION OF PATRICIA WASHATKA

I, Patricia Washatka, declare as follows:

1. I am over 21 years of age and am competent to give this declaration.

2 I am Vice President of Program Management for The Prudential Insurance Company of America ("Prudential"), the defendant in this action. I make this declaration in support of Prudential's Notice of Removal of Civil Action. I have personal knowledge of the facts set forth in this declaration, or know them in my capacity as an employee for Prudential, based on records that Prudential keeps in the regular course of its business, and could and would competently testify to them under oath if called as a witness.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

134504.1

1

Case No.
DECLARATION IN SUPPORT OF NOTICE OF REMOVAL

3.     In connection with this lawsuit, I have reviewed Prudential's records regarding payments made to California beneficiaries on individual life policies between November 8, 2009 and November 30, 2013.

4.     Prudential paid approximately $676 million in death benefits plus interest to over 40,000 California beneficiaries of individual life policies between November 8, 2009 and November 30, 2013.   Prudential generally paid interest compounded annually from the date of death.  Prudential calculated the interest paid on these benefits pursuant to the same methodology used to calculate the interest paid to Plaintiff.


Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th day of December, 2013 at Newark, New Jersey.

_____

Patricia Washatka

Case No.
DECLARATION IN SUPPORT OF NOTICE OF
REMOVAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Beverly Reid O'Connell_____ and the assigned Magistrate Judge is _____Suzanne H. Segal_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV9078 BRO SSx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

December 9, 2013                                    By   J.Prado
_____                                    _____
Date                                                 Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| BEVERLY BURTON, on behalf of herself and all others similarly situated | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and DOES 1 through 100, inclusive |

| **(b)** County of Residence of First Listed Plaintiff  Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| **(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>William M. Shernoff<br>Shernoff, Bidart, Echeverria Bentley, 301 N. Canon Drive<br>Suite 200, Beverly Hills, CA 90210 (310) 246-0503 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>Linda M. Lawson #77130; Jason A. James #265129<br>MESERVE, MUMPER & HUGHES LLP, 800 Wilshire Blvd.<br>Suite 500, Los Angeles, CA 90017 (213) 620-0300 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☑ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding ☑ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☑ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
1) Violation of Business & Professions Code Section 17200 et seq.; 2) Breach of Covenant of Good Faith & Fair Dealing; and 3) Breach of Contractual Duty to Pay a Covered Claim

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☑ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

CV13-9078

| CV-71 (11/13) | CIVIL COVER SHEET | Page 1 of 3 |
|---|---|---|

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [✓] Yes   [ ] No | [✓] Los Angeles | Western<br>BC527176, 111 N. Hill St., L.A. |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| [ ] Yes   [✓] No | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [✓] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [✓] | [ ] |
| Indicate the location in which a majority of claims arose: | [✓] | [ ] | [ ] | [ ] | [ ] | [ ] |

**C.1. Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

if none applies, go to the box below. ➡

Your case will initially be assigned to the        Western
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☑ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   ☑ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   Jason A. James   DATE: 12/9/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |