1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY BURTON, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>      v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. CV 13-09078 BRO (SSx)<br><br>**FINAL JUDGMENT** |

On September 12, 2014, the Court denied Plaintiff Beverly Burton's motion to amend the Court's May 30, 2014 order or to certify it for interlocutory appeal, and granted Defendant The Prudential Life Insurance Company of America's motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim.  (Dkt. No. 42.)  In doing so, the Court dismissed Plaintiff's causes of action with leave to amend.  (Dkt. No. 42 at 9 & n.3, 13.)  The Court ordered Plaintiff to file an amended complaint by no later than Friday, October 3, 2014.  (Dkt. No. 42 at 14.)  On October 2, 2014, however, Plaintiff filed a notice informing the Court of her intention to stand on her First Amended Complaint and requesting that the Court enter a final judgment so that she may appeal the Court's prior orders of dismissal.  (Dkt. No. 43.)

Plaintiff has requested that the Court enter a final judgment without prejudice, citing *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 (9th Cir. 2011), in which the Ninth Circuit noted that it "frequently review[s] dismissals without prejudice for failure to state a claim where a plaintiff elects not to amend and appeal standing on the complaint."  Although the court in *WPP Luxembourg* also stated that "the proper course of action where a plaintiff elects to not amend their complaint and immediately appeal is an order of dismissal *with prejudice*," the court also made clear that this is not a mandatory rule and that district courts retain discretion to dismiss without prejudice in such a circumstance.  *Id.* (emphasis added).  In fact, the court noted that, "[w]here the request is to dismiss without prejudice, '[a] District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.'"  *Id.* at 1058 n.6 (second alteration in original) (quoting *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)).

Here, Plaintiff has asked the Court to enter final judgment without prejudice.  (Dkt. No. 43.)  The Court can foresee no legal prejudice to Defendant in doing so. *See WPP Luxembourg*, 655 F.3d at 1058 n.6 ("Legal prejudice does not result merely because a defendant will be inconvenienced by potentially having to defend the

1  action in a different forum or because the dispute will remain unresolved.").

2  Accordingly, the Court hereby grants Plaintiff's request and enters final judgment for

3  the Defendant without prejudice.

4       Judgment is for Defendant.

5       **IT IS SO ORDERED.**

6

7  Dated:  October 3, 2014      _____

8                              HONORABLE BEVERLY REID O'CONNELL
                               UNITED STATES DISTRICT COURT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JUDGMENT